IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN L. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-781-GMS |
| | ) |
| ROBERT E. SNYDER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

Plaintiff Warren L. Harris ("Harris"), an inmate at the Delaware Correctional Center, filed this action on November 30, 2006. He appears *pro se* and on January 1, 2007, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint will be dismissed without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Harris is given leave to amend the complaint.

**I.    THE COMPLAINT**

The pleading consists of a number of medical grievance forms and also appears to seek habeas relief. While not clear, it appears that Harris alleges he is not receiving medical treatment and/or medication and that psychotropic drugs are administered involuntarily. There is also mention of slander and malpractice.

**II.    STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a

civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III. ANALYSIS

**A. Medical Needs Claim**

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80

(3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Finally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Harris does not indicate under what theory he proceeds, but liberally construing the complaint, the court assumes it is under 42 U.S.C. § 1983. In the caption of the complaint Harris lists as a "respondent" Robert E. Snyder ("Snyder"), but otherwise Snyder is not mentioned again. Moreover, there are no allegations in the complaint that set forth any acts or omissions by Snyder that deprived Harris of a federal right. Consequently, the complaint fails to state a claim upon which relief may be granted.

Therefore, the claim is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Inasmuch as Harris attempts to allege an Eighth Amendment deliberate indifference to a serious medical need claim, he is given leave to amend the complaint.

**B. Habeas Corpus**

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, Plaintiff cannot recover under § 1983 for an alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 312 U.S. 477, 487 (1994).

Harris has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent Harris seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326. Therefore the court will dismiss the claim the without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV.  RELIEF FROM FILING FEE

Harris filed a letter/motion with the court "requesting bail reduction." (D.I. 6, 7.) It appears that what Harris is asking for a reduction of the $350.00 filing fee. Section 1915 is clear that when a prisoner seeks to proceed *in forma pauperis*, he is still required to pay the filing fee, albeit in payments. 28 U.S.C. § 1915. The court will deny the motion. Harris shall pay the filing fee in accordance with the court's January 4, 2007 order.

### IV.  CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted. Harris will be given leave to amend the medical needs claim. The motion for relief from the filing fee will be denied. An appropriate order will be entered dismissing the case.

_____
UNITED STATES DISTRICT JUDGE

__Feb 9__, 2007
Wilmington, Delaware



FILED

FEB 1 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WARREN L. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-781-GMS |
| | ) | |
| ROBERT E. SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this 9th day of July, 2007, for the reasons set forth in the Memorandum issued this date

1. The motion for relief from the filing fee (D.I. 6, 7) is denied.

2. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3. Harris is given leave to amend the complaint only as to the medical needs claim. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE



FILED

FEB 1 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE